UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------

LUIS VASQUEZ,

                            Plaintiff,

                -against-

THE CITY OF NEW YORK, SGT. PAUL
PRENDERGAST, Shield No. 3998, Individually and
in his Official Capacity, UNDERCOVER OFFICER,
Shield No. C0084, Individually and in his Official
Capacity, UNDERCOVER OFFICER, Shield No.
C0113, Individually and in his Official Capacity,
UNDERCOVER OFFICER, Shield No. C0314,
Individually and in his Official Capacity, and NEW
YORK CITY POLICE OFFICERS "JOHN DOE" 1-3,
Individually and in their Official Capacities, the names
"JOHN DOE" being fictitious as the true names are
not presently known,

                          Defendants.

**COMPLAINT**

JURY TRIAL DEMANDED

15-cv-9207

      Plaintiff, LUIS VASQUEZ, by and through his attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for his Complaint, respectfully alleges, upon information and belief:

## PRELIMINARY STATEMENT

      1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States of America.

## JURISDICTION

      2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4.    Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claims arose.

## JURY DEMAND

5.    Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.    Plaintiff, LUIS VASQUEZ, is, and has been, at all relevant times, a resident of the City and State of New York.

7.    Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.    Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9.    At all times hereinafter mentioned, the individually named defendants were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.    At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

11.    Each and all of the acts of the defendants alleged herein were done by said defendants

while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

12.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## FACTS

### THE JULY 11, 2013 INCIDENT

13.    On or about July 11, 2013 at approximately 11:10 a.m., plaintiff LUIS VASQUEZ, was lawfully present near the northeast corner of Sedgwick Avenue and West 167th Street in Bronx County in the State of New York.

14.    At that time and place, defendant officers, including defendant SERGEANT PRENDERGAST stopped plaintiff and frisked him.

15.    Defendants uncovered plaintiff's clearly marked prescriptions.

16.    At no time on July 11, 2013 did plaintiff commit any crime.

17.    At no time on July 11, 2013 did defendants possess probable cause to arrest plaintiff.

18.    At no time on July 11, 2013 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

19.    In connection with plaintiff's arrest, the defendants filled out false and misleading police reports and forwarded them to prosecutors at the Bronx County District Attorney's Office.

20.    As a direct result of defendants' actions, plaintiff was required to make court appearances.

21.    As a direct result of defendants' actions, plaintiff was charged with Criminal Possession of a Controlled Substance in the third and seventh degrees.

22.    As a direct result of his unlawful arrest and the unlawful acts of the defendants, plaintiff spent approximately twenty-four hours in custody.

23.    Despite defendants' actions, on December 10, 2013, all charges against plaintiff were

dismissed in their entirety.

**THE SEPTEMBER 13, 2013 INCIDENT**

24.     On or about September 13, 2013 at approximately 5:53 p.m., plaintiff LUIS VASQUEZ, was lawfully present inside of a pharmacy at 490 8th Avenue in New York County in the State of New York.

25.     At that time and place, defendant officers approached plaintiff, frisked, and searched him, uncovering no evidence of criminal activity, only plaintiff's prescription medication.

26.     At no time on September 13, 2013 did plaintiff commit any crime.

27.     At no time on September 13, 2013 did defendants possess probable cause to arrest plaintiff.

28.     At no time on September 13, 2013 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

29.     In connection with plaintiff's arrest, the defendants filled out false and misleading police reports and forwarded them to prosecutors at the New York County District Attorney's Office.

30.     As a direct result of his unlawful arrest and the unlawful acts of the defendants, plaintiff spent approximately seven days in custody.

31.     As a direct result of defendants' actions, plaintiff was required to make court appearances.

32.     As a direct result of defendants' actions, plaintiff was charged with Criminal Sale of a Controlled Substance in the Fifth Degree and Criminal Diversion of Prescription Medications and Prescriptions in the Fourth Degree.

33.     Despite defendants' actions, all criminal proceedings against plaintiff were dismissed on March 27, 2014.

**THE FEBRUARY 25, 2015 INCIDENT**

34.     On or about February 25, 2015 at approximately 5:30 p.m., plaintiff LUIS VASQUEZ, was lawfully present inside of 261 West 34th Street in New York County in the State of New York.

35.     At that time and place, defendant officers stopped and searched the plaintiff, uncovering no evidence of criminal or unlawful activity.

36.     At no time on February 25, 2015 did plaintiff commit any crime.

37.     At no time on February 25, 2015 did defendants possess probable cause to arrest plaintiff.

38.     At no time on February 25, 2015 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

39.     In connection with plaintiff's arrest, the defendants filled out false and misleading police reports and forwarded them to prosecutors at the New York County District Attorney's Office.

40.     As a direct result of defendants' actions, plaintiff was required to make court appearances.

41.     As a direct result of defendants' actions, plaintiff was charged with Criminal Sale of a Controlled Substance in the Third Degree.

42.     As a direct result of his unlawful arrest and the unlawful acts of the defendants, plaintiff spent approximately seven days in custody.

43.     Despite defendants' actions, on May 7, 2015, all charges against plaintiff were dismissed in their entirety.

44.     All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

45.     As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints

without probable cause.

46.     All of the aforementioned acts deprived plaintiff, LUIS VASQUEZ, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. §1983.

47.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

48.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

49.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## FIRST CLAIM FOR RELIEF FOR FALSE ARREST
## UNDER 42 U.S.C. § 1983 FOR THE THREE PREVIOUSLY DESCRIBED INCIDENTS

50.     Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

51.     As a result of the defendants' conduct, plaintiff was subjected to illegal, improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege, or consent.

52.     As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## SECOND CLAIM FOR RELIEF FOR
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983 FOR THE THREE
## PREVIOUSLY DESCRIBED INCIDENTS

53.     Plaintiff, LUIS VASQUEZ, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

54.     Defendants misrepresented and falsified evidence before the District Attorney.

55.     Defendants did not make a complete and full statement of facts to the District Attorney.

56.     Defendants withheld exculpatory evidence from the District Attorney.

57.     Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff.

58.     Defendants lacked probable cause to initiate criminal proceedings against plaintiff.

59.     Defendants acted with malice in initiating criminal proceedings against plaintiff.

60.     Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff.

61.     Defendants lacked probable cause to continue criminal proceedings against plaintiff.

62.     Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

63.     Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff's favor when the charges against him were dismissed.

64.     As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

## THIRD CLAIM FOR RELIEF
## FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983 FOR THE THREE PREVIOUSLY DESCRIBED INCIDENTS

65.     Plaintiff, LUIS VASQUEZ, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

66.     Defendants arrested and incarcerated plaintiff, LUIS VASQUEZ, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, and safety and violate her constitutional rights.

67.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

68.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

69.     Those customs, policies, patterns, and practices include, but are not limited to:

    i.      requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

    ii.     requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

    iii.    failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

    iv.     failing to properly train police officers in the requirements of the United States Constitution.

70.     The aforementioned customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the

following unconstitutional practices:

     i.    arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

     ii.    arresting individuals regardless of probable cause in order to positively affect precinct-wide statistics;

     iii.    falsifying evidence and testimony to support those arrests;

     iv.    falsifying evidence and testimony to cover up police misconduct.

71.    The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of plaintiff, LUIS VASQUEZ.

72.    The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

73.    The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

74.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, plaintiff was incarcerated unlawfully.

75.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff.

76.    Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

77.    All of the foregoing acts by defendants deprived plaintiff of federally protected

constitutional rights, particularly her Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

**WHEREFORE,** the plaintiff respectfully requests judgment against defendants as follows:

      i.      an order awarding compensatory damages in an amount to be determined at trial;

      ii.      an order awarding punitive damages in an amount to be determined at trial;

      iii.      reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

      iv.      directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
       November 16, 2015

                                      Respectfully submitted,

                                        **LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
                                        *Counsel for the Plaintiff*

By:      MATTHEW SHROYER (MS-6041)
            80 Maiden Lane, 12th Floor
            New York, New York 10038
            (212) 962-1020

Index No.: **15-CV-9207**

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

LUIS VASQUEZ,

Plaintiff,

-against-

THE CITY OF NEW YORK, SGT. PAUL PRENDERGAST, Shield No. 3998, Individually and
in his Official Capacity, UNDERCOVER OFFICER, Shield No. C0084, Individually and in his
Official Capacity, UNDERCOVER OFFICER, Shield No. C0113, Individually and in his
Official Capacity, UNDERCOVER OFFICER, Shield No. C0314, Individually and in his
Official Capacity, and NEW YORK CITY POLICE OFFICERS "JOHN DOE" 1-3, Individually
and in their Official Capacities, the names "JOHN DOE" being fictitious as the true names are
not presently known,

Defendants.

## SUMMONS & COMPLAINT

## LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC
### *Attorneys for Plaintiff*
**Financial Square at 32 Old Slip - 8th FL**
**New York, New York 10005**
**(212) 962-1020**

To:

Corporation Counsel
CITY OF NEW YORK
c/o New York City Law Dept
100 Church Street
New York, NY 10007

1 Police Plaza
New York, NY 10007

Pursuant to 22NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of the State
of New York, certifies that, upon information and belief and reasonable inquiry, the contentions contained
in the annexed document are not frivolous.

Matthew Shroyer, Esq.